DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of four counts of burglary in violation of R.C. 2911.12(A) and one count of attempted burglary in violation of R.C. 2911.12(A) and 2923.02. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "Sole Assignment of Error The trial court erred, to the prejudice of the Defendant-Appellant, in denying his absolute right to represent himself, pursuant to the Sixth and Fourteenth Amendment to United States Constitution, and Section 10, Article I of the Ohio Constitution."
On September 21, 1999, appellant was indicted on two counts of burglary and one count of attempted burglary in connection with the theft of several television sets and VCRs from a motel in Lucas County, Ohio. On October 12, 1999, appellant was indicted on two counts of burglary in connection with the theft of television sets and VCRs from another motel in Lucas County, Ohio. Appellant entered pleas of not guilty to all charges and counsel was appointed for him. The two indictments proceeded to a jury trial together on December 7, 1999. On December 9, 1999, the jury returned verdicts of guilty as to all counts contained in each indictment. Appellant filed a timely notice of appeal of each judgment and on January 14, 2000, this court consolidated the appeals.
In his sole assignment of error, appellant asserts that the trial court erred by not granting a continuance and allowing him to proceed to trialpro se as he requested. Appellant argues that representation by counsel cannot be forced upon an individual and that the Sixth Amendment grants an accused the right to conduct his own defense. The state responds that, while appellant suggested that he was dissatisfied with his appointed counsel and was considering the option of representing himself, he did not at any time demand to be allowed to exercise his right to do so.
The record in this case reveals that on the day of trial, just before jury selection, the trial court met with appellant and counsel in chambers to discuss the negotiated plea that had been offered to appellant by the state. Appellant had indicated that he was not interested in a plea bargain and wished to go to trial, and the trial court wanted to be sure that appellant understood the possible plea agreement as well as the possible ramifications of his decision to go to trial. Appellant asked to be heard and spoke heatedly about his dissatisfaction with his appointed counsel. Appellant then stated "* * * that's why I asked you the other day if I could defend myself from — because I got more familiar with the laws." After appellant expressed further dissatisfaction with counsel's performance, the trial court explained at length the benefits of being represented by experienced counsel in a criminal matter as well as the potential risks inherent in representing oneself. The trial court then stated that it was denying appellant's "request" to represent himself and the case proceeded to trial.
While the United States Constitution and the Ohio Constitution guarantee a criminal defendant the right to be represented by counsel, the United States Supreme Court has recognized a defendant's right to represent himself in Faretta v. California (1975), 422 U.S. 806. A defendant's desire to represent himself, however, must be clear and unequivocal. See United States v. McKinley (C.A.10, 1995), 58 F.3d 1475. This court finds that, while the trial court stated that it was denying appellant's "request to represent [himself]," there is no evidence in the record that appellant did in fact express a clear and unequivocal desire to represent himself. At most, this court can glean from the record that appellant indicated he was entertaining thoughts of representing himself. His statements to the court amounted almost exclusively to a list of complaints about appointed counsel. Appellant did not at any time ask for counsel to be removed or expressly waive his right to counsel. Based on the foregoing, we find that the trial court did not commit error in ruling that appellant would proceed to trial with appointed counsel. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J. Mark L. Pietrykowski,P.J. CONCUR.